## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KENNETH SMITH,

               Petitioner,             Case Number: 07-12311

v.                                        Honorable Lawrence P. Zatkoff

JERI-ANN SHERRY,

               Respondent.

_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION (1) TO STAY PROCEEDINGS, STAYING CASE WITH CONDITIONS, AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES, (2) TO CLARIFY THE COURT'S ORDER DATED MARCH 13, 2008, AND (3) REQUESTING THAT THE CLERK OF THE COURT PROVIDE PETITIONER WITH THE NECESSARY COPIES

### I.

Petitioner, Kenneth Smith, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the pending petition on May 29, 2007. On June 1, 2007, the Court ordered Respondent to file a response to the petition by November 30, 2007. Respondent's answer was not filed on November 30, 2007. Rather, on December 3, 2007, pursuant to Fed.R.Civ.P. 6 (b), Respondent filed a motion *instanter*, along with its answer to the petition, seeking an extension of time in which to file its answer because of its extensive workload obligations during the month of November. On January 16, 2008, Respondent filed the necessary Rule 5 materials. Then, on March 13, 2008, the Court granted Respondent's motion *instanter*.

Presently, Petitioner claims that he did not receive a copy Respondent's motion or its answer to his petition but did receive copies of the Rule 5 materials that were filed with the Court. Petitioner is now requesting copies of Respondent's motion *instanter* and Respondent's answer to

his petition for writ of habeas corpus. Petitioner also states that his copy of his original petition has been misplaced from his prison property and is therefore requesting a copy of that as well. On that basis, the Court orders that the Clerk of the Court provide Petitioner with copies of the *instanter*, the Respondent's answer to his petition and his original petition.

Next, upon reviewing the necessary filed Rule 5 materials, Petitioner has discovered issues of constitutional magnitude that were not previously raised in the lower courts. Such issues include: prosecutorial misconduct, ineffective assistance of counsel, and his right to allocution. Petitioner therefore requests that this Court allow him to return to state court to exhaust those claims. For the following reasons, the Court grants Petitioner's motion to stay the proceedings.

## II.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254. To satisfy the exhaustion requirement, a petitioner must present each ground to both Michigan appellate

courts. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). *See also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

On May 29, 2007, Petitioner filed a petition for habeas corpus containing all his exhausted claims. Since filing the petition, Petitioner has reviewed the Rule 5 materials. As a result, he now believes that there may be some unexhausted federal constitutional claims of merit. Petitioner is requesting a stay because he would like to give the state courts the first opportunity to correct any possible unexhausted claims. Petitioner asks this Court to exercise its authority and hold his petition for writ of habeas corpus in abeyance.

A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. 276. However, a stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 277.

In this case, Petitioner has shown good cause for a stay. It appears that some of Petitioner's claims were not exhausted in the state courts. The one-year statute of limitations period applicable to habeas actions likely would expire if the Court were to dismiss the petition to allow further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). Furthermore, Petitioner's claims do not

appear to be "plainly meritless." *Rhines*, 544 U.S. at 277.  Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

### III.

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies as to the claims stated.  Rather than dismiss the petition, the Court **GRANTS** Petitioner's request to stay proceedings and **STAYS** this action so that Petitioner can fully exhaust state-court remedies as to those claims.  The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within sixty (60) days of this order if he has not already done so.  *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).  The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within sixty (60) days of exhausting state remedies.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)).  Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

The Clerk of the Court is ordered to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

Additionally, the Clerk of Court is ORDERED to provide Petitioner with a copy of his original petition for writ of habeas corpus, Respondent's motion *instanter*, and Respondent's answer to his petition, and any and all future filings. Petitioner need not file any additional motion regarding this issue with the Court.

**IT IS SO ORDERED.**


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 28, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 28, 2008.


s/Marie E. Verlinde
Case Manager
(810) 984-3290